*586 ornsriox.
Trammell:
Only one issue is raised by the pleadings in this case, which issue presents a pure question of fact, namely, whether the trading account designated “ Milton A. Holmes No. 3 ” was, during the taxable year 1924, the property of the petitioner. The deficiency here involved results in large part from the determination by the respondent that said account was the property of the petitioner and that the income therefrom was taxable to him.
*587 The undisputed evidence establishes that this account was opened by the petitioner on August 22, 1924, with the brokerage firm of Jesup & Lamont, by whom he had been employed during his entire business career of 24 years, and that the account was so opened and thereafter operated by him for and at the request of his wife. At the time of the first transaction in the account, which occurred on the day it was opened, the petitioner informed other employees of the firm, who handled matters in connection therewith, that the No. 3 account was his wife’s account. Shortly thereafter he also gave the same information to the executive partner of the firm.
It appears from the record that about a year prior to August, 1924, the petitioner’s wife requested him to open a trading account for her, but he was reluctant to do so, explaining that such an account might result in losses instead of profits. However, at her insistence, he agreed to open the account whenever in his judgment market conditions became favorable, and the account was finally opened in August, 1924. No margin was deposited, but on a rising market and in the circumstances disclosed in this case, such fact does not appear significant. In order to protect the account against possible losses, the petitioner’s wife authorized him to use certain securities in his possession belonging to her, which then had a market value of approximately $17,000. She also had a savings account of $1,500 and Liberty bonds in the amount of $600 available for the same purpose. Prior to the opening of the account, it was specifically agreed and understood that any losses sustained in the operation of the account should be borne solely by the wife, and that any profits derived should be her property.
The first transaction resulted in .a loss of $686, but at the close of the year, about four months later, the account showed an equity of $30,000, which was more than sufficient to provide the usual 20 per cent margin for an account of its size.
The petitioner never at any time withdrew any funds from the account for his own use or for the joint use of himself and his wife. The account was at all times treated as the separate property of the wife and the income was in fact paid over to her in the subsequent years.
From a consideration of all the evidence before us, we are satisfied, and have so found the fact to be, that the account in question during the'year 1924 was not the property of the petitioner, but was the separate property of his wife. The income, therefore, is not taxable to the petitioner. The deficiency will be redetermined accordingly.

Judgment will he entered under Rule 50.